IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHOENIX PROPERTIES, LLC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:07CV46 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WILLIAM L. BIGGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' motions to strike (Filing Nos. 11 and 14). The defendants Jerry M. Slusky and Gross & Welch filed a brief (Filing No. 12) in support of their motion. The defendants William L. Biggs and Biggs & Stoehr join the brief. The defendants seek to have the court strike paragraph 29 from the plaintiffs' complaint. The defendants argue the paragraph concerning an Order of the United States Bankruptcy Court is immaterial. The plaintiffs filed a brief (Filing No. 15) in opposition to the defendants' motions.

## BACKGROUND

This case arises from the business relationship between the plaintiffs and the defendants for the purpose of purchasing properties from the Brook Valley IV and VII bankruptcy estates. **See** Filing No. 1. This is a legal malpractice action which challenges the advice allegedly given by the defendants regarding business and/or bankruptcy matters. The plaintiffs allege the defendants' advice lead to a course of action which resulted in an adjudication causing damages to the plaintiffs' interests.

Paragraph 29 of the complaint provides:

> On February 3, 2006, the United States Bankruptcy Court entered a separate Order relating to the conduct of the Defendants stating in part, as follows:
>> This court is well aware that lawyers generally should be considered immune from sanctions resulting from the actions of their clients. However, in these cases, the lawyers represented the individuals who acted as the debtors-in-possession. Those individuals were not lawyers and not familiar with the bankruptcy

> process, Bankruptcy Code, or policy. On the other hand, lawyers who are familiar with the bankruptcy process, the Bankruptcy Code, and policy are officers of the court and have fiduciary duties to the bankruptcy estates.
>
> It appears from the evidence presented at the trial of the adversary proceedings that the above-named counsel not only represented the debtors-in-possession, but represented Mr. Schropp, Mr. Dahlke and their newly created entities, all of whom acted against the interests of the estates. They are invited to explain their actions.

**See** Filing No. 1 ¶ 29.

The defendants argue striking paragraph 29 will serve the best interest of justice because the text is immaterial and unnecessary to the issues of whether the defendants were negligent in their representation of the plaintiffs during the bankruptcy matter. Additionally, the defendants contend the information was included solely for the impact it may have on the reader and jury. However, the defendants contend the text of the February 3, 2006 United States Bankruptcy Court Order would be inadmissable at trial. The defendants state the bankruptcy matter is still in litigation therefore the quoted text is not a "final resolution" of the underlying case. Finally, the defendants argue that allowing the paragraph to stand would deprive the defendants of their right to a trial of the malpractice issues against them.

The plaintiffs contend the information in the disputed paragraph is material to the suit. The plaintiffs assert the information in paragraph 29 is relevant to the defendants' conduct in the underlying action and to when the plaintiffs "recognized, or at least should have known, that the Defendants' conduct constituted actionable malpractice." **See** Filing No. 15, p. 3. Additionally, the plaintiffs argue the cases cited by the defendants are not dispositive on the issue of a motion to strike pursuant to Rule 12(f), but instead relate to whether the information contained in the February 3 order would be admissible at trial. The plaintiffs cite to cases where orders and other documents in an underlying lawsuit were relevant during trial on malpractice claims.

**ANALYSIS**

Pursuant to Fed. R. Civ. P. 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **See** Fed. R. Civ. P. 12(f). "The standard of materiality in a Motion to Strike pursuant to Fed. R. Civ. P. 12(f) is a loose one: [the movant] must show that the challenged allegations can have no possible bearing upon the subject matter of the litigation." ***Sadler v. Benson Motors Corp.***, 1997 WL 266735 (E.D. La. 1997) (citations omitted). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties." ***Miller v. Pfizer, Inc.***, 1999 WL 1063046, *3 (D. Kan. 1999) (**citing** ***Nwakpuda v. Falley's, Inc.***, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998)). However, motions to strike are disfavored because they serve potentially only to delay proceedings. ***Stanbury Law Firm v. I.R.S.***, 221 F.3d 1059, 1063 (8th Cir. 2000); ***Lunsford v. United States***, 570 F.2d 221, 229 (8th Cir. 1977). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). ***Stanbury***, 221 F.3d at 1063.

The defendants have failed to demonstrate that paragraph 29 is legally insufficient, immaterial, redundant, impertinent, or scandalous. **See** Fed. R. Civ. P. 12(f). The defendants fail to show the paragraph causes prejudice or appears so irrelevant as to have no relationship to the issues at bar. The defendants' motions to strike paragraph 29 of the plaintiffs' complaint is denied. Issues related to the admissibility of the information at trial or for any other purpose will not be decided at this time. Upon consideration,

**IT IS ORDERED:**

1. Jerry M. Slusky and Gross & Welch's Motion to Strike (Filing No. 11) is denied.

2. William L. Biggs and Biggs & Stoehr's Motion to Strike (Filing No. 14) is denied.

DATED this 10th day of April, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge